JESSE WATSON, Respondent, v. EDWARD NELSON, Appellant.

(172 N. W. 823.)

**Damages — instructions of trial court.**

1. Certain instructions of the trial court examined. *Held* they do not contain prejudicial, reversible error.

**Damages — value.**

2. The plaintiff having lost certain personal property by fire, which loss was caused by the defendant negligently setting on fire certain straw stacks on his premises from which the fire spread and consumed and destroyed plaintiff's property. *Held* the plaintiff is a competent witness as to the value of his own property without showing any further qualification than ownership; that though part of his testimony was incompetent, it remains in the record unless proper objection is made and sustained to its reception, or unless stricken out upon a proper motion.

**Damages — sufficiency of evidence.**

3. *Held,* further, that there is competent evidence in the record, aside from the incompetent testimony admitted, to sustain the verdict of the jury.

Opinion filed April 1, 1919.

Appeal from the District Court of Ward County, *K. E. Leighton,* J. Affirmed.

*Bradford & Nash,* for appellant.

The court in instructing the jury shall only instruct as to the law

of the case, and must stop where in any reasonable view of the evidence there is room for debate as to where the truth lies.   14 R. C. L. 738–740; N. D. Comp. Laws 1913, § 7620; 2 Thompson, Trials, p. 1535.

An instruction referring to a controverted fact "as shown by controverted evidence" is erroneous.   Marble v. Lyps, 82 Ala. 322, 2 So. 701; Commercial & F. Ins. Co. v. Morris, 105 Ala. 498, 18 So. 34; People v. Casey, 65 Cal. 260, 3 Pac. 874; Weyburn v. Kipps, 63 Mich. 79, 29 N. W. 517; Hill v. Graham, 72 Mich. 659, 40 N. W. 779.

"An instruction that the evidence tends to show certain disputed facts is erroneous."   Yundt v. Hartrunft, 41 Ill. 9; Junction City v. Blades, 1 Kan. App. 85, 41 Pac. 677; Davis v. Gerber, 69 Mich. 246, 37 N. W. 281.

*Palda, Aaker, & Greene,* for respondent.

GRACE, J.   Appeal from a judgment of the district court of Ward county, K. E. Leighton, Judge.

This appeal is from a judgment of the district court of Ward county. Complainant states a cause of action in negligence for the destruction of certain of his personal property by fire.   Such property was then situated on section 24, township 154, range 86, upon which plaintiff then lived.   The fire is alleged to have been caused by the defendant on or about the 9th day of April by wilfully, negligently, recklessly, and in violation of law setting fire to certain stacks of straw on defendant's premises without properly protecting the same and without taking proper precautions to prevent the fire from spreading, and that by such negligent acts on the part of the defendant the fire escaped from the stack, over the premises of others and upon the premises of plaintiff, setting fire to the buildings on plaintiff's leased premises. Plaintiff alleged the destruction by such fire of his farm machinery, wagons, and other implements, household goods, hogs, poultry, and other personal property mentioned in the complaint.   The defendant interposed a general denial and demanded a dismissal of the action. The case was tried to the court and jury.   The jury returned a verdict in plaintiff's favor for $972.   Appellant has assigned several errors which are grouped under two points.   Point 1 refers to alleged error committed by the court in a certain instruction; point 2, to errors claimed to have been committed by the trial court in allowing the de-

fendant to testify in the manner he did as to the value of the property destroyed. We will first consider the instruction complained of. It is as follows:

"In this case, the plaintiff is asking for damages from the defendant by reason of loss by fire, and the plaintiff for his cause of action alleges he was in possession of a certain farm southwest of Deslacs, and was engaged in stock and grain raising, and was in possession of certain live stock and stock of machinery, household goods, etc.; that about April 9, 1915, the defendant set fire to a straw stack, which fire got away and resulted in the destruction of certain of plaintiff's property *as is shown by the evidence,* and the plaintiff claims by reason thereof damages in the sum of $2,000."

It is claimed by the appellant that in the use by the court of the words, "as is shown by the evidence," the court assumed facts to be true which were in issue. As we view it, the court, in that instruction, was simply stating what the plaintiff alleged in his complaint; that is, that the plaintiff alleged that about April 9, 1915, defendant set fire to a straw stack, which fire got away and destroyed certain of plaintiff's property. The court, by that instruction, did not say that the defendant set the fire which destroyed plaintiff's property. The words, "as is shown by the evidence," were no doubt used by the court to direct the attention of the jury to the evidence to determine the identity of the property destroyed, which property was referred to in a more or less general way in the complaint, without describing each and every article of property separately therein. Appellant also complains of the following language of the court:

"However, should the jury fail to find that the fire, which destroyed plaintiff's property, was the same fire *set by plaintiff* at the time he originally burned the stacks, and fail to find that he thereafter set the fire, then you should find for the defendant for a dismissal of the action."

It is apparent that where the word "plaintiff," above underscored, is used, the word "defendant" should have been used. This instruction, standing alone, possibly might be prejudicial error; for, to a certain extent, it assumes that the fire was set by defendant. Whether the fire was set by defendant is a disputed question of fact for the jury to decide. We think, however, that the part complained of must be read

together with that which immediately precedes it, which referred to the same subject-matter, which is as follows: "Should the jury find that the defendant set the fire which caused the destruction of the property of plaintiff, then I charge you that the defendant would be liable for the damages proximately resulting to plaintiff from such fire by reason of the burning of the property above referred to."

When the instructions are read together in the order in which they were given by the court, we think they were not misleading to the jury; that no prejudice resulted to the appellant thereby. The last instruction complained of was given just preceding the other instruction complained of, and not subsequent to it, and when placed and read in the proper order it appears to us would be readily understood by the jury, and would, in no way, prejudice their minds. The court was not undertaking to weigh any evidence nor speak of established facts. It was only telling them what the law would be in case they found certain facts to exist. We are clear that under point 1 there was no error.

Under point 2 may be considered the remainder of the errors assigned which relate to the evidence of the defendant as to the value of the articles burned. It is claimed by the appellant that the sole evidence of value is that wherein the plaintiff testified what the articles which were burned were "worth to him," and not what the articles were worth at the time and place of the fire. Under the circumstances in this case and the state of the record, we are satisfied there is no real merit in this contention. Plaintiff was sworn as a witness in his own behalf, and upon direct examination testified fully, fairly, and without equivocation as to the value of each of the articles which were burned. Toward the close of his direct examination, he testified that the household goods, groceries, and meat destroyed by the fire were worth about $1,000. This was after he had largely testified to the value of the major part of the articles separately.

Upon cross-examination the plaintiff was asked the following questions:

Q. You have testified that this stuff was worth $1,000?

A. It was worth that much to me.

Q. That is what you mean; it was worth that much to you?

A. Yes.

The appellant then moved that all testimony of the witness with

respect to value be stricken out on the ground of no foundation laid in the case for his testimony, as to value. This motion was overruled. The witness was then taken, in his cross-examination, over most of the ground covered in the direct examination, and again testified, under cross-examination, as to the separate value of most of the articles. At the close of his cross-examination the defendant, in substance, testified that he was testifying as to what the property destroyed was worth to him. No other objection was made to the testimony than that above stated. At the close of all the testimony, the appellant moved to strike out the testimony with reference to the value of various articles, upon the ground that there is no foundation laid.

We are of the opinion that the objection that there was no foundation laid for certain introduction of this testimony was properly overruled. This objection went to the qualification of the witness only. The plaintiff, being the owner of the property destroyed, was fully qualified to testify as to the value of such property, it appearing he was then owner thereof. The objection that there was no foundation laid for the plaintiff's testimony as to value is, therefore, without merit. The objection which should have been made should have had reference to the competency of the evidence. If the evidence with reference to value was incompetent to prove value, the objection should have been to that effect. What the property destroyed was worth to the plaintiff was certainly incompetent evidence, but unless the same were excluded or sought to be excluded by proper objection timely made, or upon the ground of its incompetency stricken out upon motion, it would remain in the case. Incompetent evidence may be admitted if no proper objection is made to its reception. It is clear, in this case, no such proper objection was made, and that evidence, which is manifestly incompetent, remains in the record with that which was competent. There is plenty of evidence in the record aside from the incompetent testimony to establish the value of the articles burned at the time and place of the fire. The plaintiff's testimony in this regard is quite conclusive. Aside from this, there is a bill of particulars marked exhibit A, which was in evidence. It was made by the plaintiff upon the demand of the defendant; it was made under oath and was an exhibit in the case.

The plaintiff also claimed damages by reason of the burning of the old grass on his pasture land. After showing that such old grass, at the

time of the year the fire occurred, was valuable for feed, and that it would be a month and twenty-one days before the new grass wóuld come, he testified that the value of the old grass would be about $.75 per acre. The whole amount of damages awarded the plaintiff was as above stated. We are of the opinion that the evidence fairly shows that the verdict is abundantly sustained by the evidence. The jury must have found that the defendant set the fire. It must have also found that the fire thereafter spread, reached plaintiff's farm, and destroyed the property in question. There is no competent evidence to controvert the value of the property as fixed by the plaintiff. We have examined all the errors assigned in this case and find no prejudicial, reversible error in the record.

Judgment is affirmed, with statutory costs on appeal.